**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-6514**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RANDY GEAN WILLIAMS, a/k/a Malik Strong,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Jerome B. Friedman, District Judge. (CR-99-116)

———————————

Submitted: July 14, 2005                  Decided: July 27, 2005

———————————

Before WILKINSON, LUTTIG, and MOTZ, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Randy Gean Williams, Appellant Pro Se. Laura P. Tayman, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Randy Gean Williams seeks to appeal the district court's order dismissing as a successive 28 U.S.C. § 2255 (2000) motion his Fed. R. Civ. P. 60(b) motion for reconsideration of his sentence. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural rulings by the district court are also debatable or wrong. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Williams has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Williams's notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C. § 2255. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims

based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Williams' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED